UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHOENIX AMERICAN INC., | ) | |
| Plaintiff(s), | ) | No. C 07-0741 BZ |
| v. | ) | **ORDER GRANTING MOTION TO REMAND** |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ENGLAND, et al. | ) | |
| Defendant(s). | ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ENGLAND, | ) | |
| Cross-Complaint, | ) | |
| v. | ) | |
| PHOENIX AMERICAN INC., et al. | ) | |
| Cross-Defendants | ) | |

Certain Underwriters at Lloyd's, London, England ("Lloyd's") has moved to remand this action to the Superior Court for the County of Marin, and also moved for fees and costs. The motions have been briefed and were argued on May 16, 2007.

1

Removal statutes are to be strictly construed, and a remand to state court is favored if there are doubts as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Generally, a case may not be removed on the basis of diversity if any defendant lives in the forum state.[1] 28 U.S.C. § 1441(b); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006). The reason, in part, is that diversity jurisdiction is intended to protect out-of-state litigants from state court prejudice. See Tosco Corp. v. Cmtys. for a Better Env't., 236 F.3d 495, 502 (9th Cir. 2001). Here, Constantin and LMA assert diversity jurisdiction as the basis for removal to federal court. Constantin and LMA, however, both admit to being citizens of California, as does Phoenix American, Inc., which joined in the removal. The removal, therefore, was improper.[2]

I decline, however, to impose fees and costs on the removing parties. The removal was not objectively unreasonable. Martin v. Franklin Capital Corp., 546 U.S. 132, 141(2005).

---

[1] Lloyd's proffers several additional grounds in support of remand. Though these arguments appear to have merit, I need not reach them to remand.

[2] LMA and Constantin respond that they were fraudulently joined and that their citizenship should not be considered for purposes of determining diversity. The party asserting fraudulent joinder must show that it cannot be liable on *any theory*. Ritchy v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). For the reasons discussed at the hearing, the cause of action against counterdefendants for unjust enrichment appears to pose a viable theory on which Lloyd's could recover. See Dinosaur Dev., Inc. v. White, 216 Cal. App. 3d 1310, 1316 (1989). Therefore, the fraudulent joinder argument does not save the removal.

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) Lloyd's' motion for remand to Superior Court for the County of Marin is **GRANTED.**

(2) The Clerk is directed to **TRANSFER** this case to Superior Court for the County of Marin for further proceedings.

(3) Lloyd's' motion for fees and costs is **DENIED**.

Dated: May 16, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\PHOENIX AMERICAN\ORDER.GRANT.REMAND.bz.wpd